UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR M. DOMINGUEZ,<br><br>    Petitioner,<br><br>  v.<br><br>LELAND S. McEWEN, Warden,<br><br>    Respondent. | Case No.: 1:12-cv-00784-JLT<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR VIOLATION OF THE ONE-YEAR STATUTE OF LIMITATIONS (Doc. 1)<br><br>ORDER DIRECTING CLERK OF THE COURT TO ENTER JUDGMENT AND CLOSE THE FILE<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant petition was filed on May 8, 2012.[1] On June 4, 2012,

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the actual date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see Houston, 487 U.S. at 271. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 003). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing

1

1  Petitioner filed his written consent to the jurisdiction of the Magistrate Judge for all purposes. (Doc.
2  5). After a preliminary review of the petition indicated that the petition may be untimely and should
3  therefore be dismissed, the Court, on May 21, 2012, issued an Order to Show Cause why the petition
4  should not be dismissed as untimely. (Doc. 4). The Order to Show Cause was re-served on August
5  15, 2012, due to an address change. The Order to Show Cause gave Petitioner thirty days within
6  which to file a response. On September 17, 2012, Petitioner filed his response. (Doc. 6).

## DISCUSSION

### A. Preliminary Review of Petition.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-42. By issuing the re-served Order to Show Cause on August 15, 2012, the Court gave Petitioner the notice required by the Ninth Circuit in Herbst.

### B. Limitation Period For Filing Petition For Writ Of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on May 8, 2012, and thus, it is subject to the provisions of the AEDPA.

---

date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation. Petitioner signed the instant petition on May 8, 2012. (Doc. 1, pp. 9, 17).

2

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, the Petitioner was convicted on October 31, 2002, and Petitioner did not file an appeal. (Doc. 1, p. 1). California state law governs the period within which prisoners have to file an appeal and, in turn, that law governs the date of finality of convictions. See, e.g., Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1060 (C.D. Cal. 2001)(California conviction becomes final 60 days after the superior court proceedings have concluded, citing prior Rule of Court, Rule 31(d)). Pursuant to California Rules of Court, Rule 8.308(a), a criminal defendant convicted of a felony must file his notice of appeal within sixty days of the rendition of judgment. See People v. Mendez, 19 Cal.4th 1084, 1086, 969 P.2d 146, 147 (1999)(citing prior Rule of Court, Rule 31(d)). Because Petitioner did not file a notice of appeal, his direct review concluded on December 30, 2002, when the sixty-day period for filing a notice of appeal

3

1  expired.  The one-year period under the AEDPA would have commenced the following day, on
2  December 31, 2002, and Petitioner would have had one year from that date, or until December 30,
3  2003, within which to file his federal petition for writ of habeas corpus.  See Patterson v. Stewart, 251
4  F.3d 1243, 1245 (9th Cir.2001).
5        Petitioner apparently believes, erroneously, that the one-year period commenced from the date
6  of the United States Court of Appeals for the Sixth Circuit's decision in Hardaway v. Robinson, 637
7  F.3d 640 (6th Cir. 2011), i.e., April 14, 2011.  (Doc. 1, p. 5).  Petitioner contends that, in Hardaway,
8  the Sixth Circuit established a rule that, where a petitioner's counsel provides ineffective assistance in
9  appellate proceedings, that circumstance can effectively deprive a petitioner of an appeal and entitle
10  him to a new appeal "without any further showing."  (Id.).  Petitioner's argument, however, for
11  extending the commencement date for the one-year period to the decision in Hardaway, i.e., April 14,
12  2011, is completely without merit.
13        First, assuming, arguendo, that 28 U.S.C. § 2244(d)(1)(D), rather than § (d)(1)(A), is
14  applicable under these circumstances, the one-year period would have commenced at the point when
15  the factual predicate of the claim or claims presented could have been discovered through the exercise
16  of due diligence.  The claim, i.e., ineffective assistance of counsel, could have been discovered by
17  Petitioner at the precise time when his counsel failed to take the necessary legal and procedural steps
18  to perfect Petitioner's direct appeal.  Although Petitioner implicitly contends that he did not realize
19  that he had a cognizable legal claim for ineffective assistance until the decision in Hardaway,
20  §2244(d)(1)(D) provides that the one-year limitation period starts on the date when "the factual
21  predicate of the claim or claims presented *could have been discovered* through the exercise of due
22  diligence," Hasan v. Galaza, 254 F.3d 1150, 1154, fn. 3 (9th Cir. 2001)(*quoting* Owens v. Boyd, 235
23  F.3d 356, 359 (7th Cir. 2000), not when the factual predicate was *actually discovered* by Petitioner,
24  nor at the point when Petitioner fully appreciates or understands the legal theories available to him or
25  the legal significance of the facts that he has already discovered.  Thus, no later than the date that a
26  notice of appeal was due in his direct appeal, i.e., December 30, 2002, Petitioner would have been
27  aware that his attorney had failed to pursue his appeal and therefore the "factual basis" for a claim of
28

ineffective assistance was could have been discovered through the exercise of reasonable diligence at that time. From this perspective, therefore, Petitioner's "Hardaway" claim does not alter the chronology of the one-year limitation period in any way.

Second, Petitioner bases his theory of the running of the one-year period on the impact of Hardaway. That case, however, is a Sixth Circuit case and, as such, is not binding on district courts within the Ninth Circuit. Accordingly, that decision could not have "created" any legal right for an inmate within the Ninth Circuit's jurisdiction that would alter the timeliness analysis. Moreover, Petitioner himself argues that Hardaway merely reaffirmed earlier holdings of the United States Supreme Court in Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029 (2000), and Rodriguez v. United States, 395 U.S. 327, 89 S.Ct. 1715 (1969). (Doc. 5, p. 17). The existence of those cases, however, undercuts Petitioner's contention because, since both of these cases had articulated no later than 2000, the legal principle on which Petitioner now relies, and since those cases were decided and announced well before Petitioner's one-year period commenced back in 2002, Petitioner cannot credibly suggest that a subsequent Court of Appeal's decision from another Circuit that merely reaffirms those earlier decisions could actually delay or even re-start the AEDPA one-year period. Were that the case, then every time a federal appellate court anywhere in the United States followed U.S. Supreme Court precedent in one of its decisions, a petitioner somewhere in the country could contend that this new case re-started his one-year period; this position is unsupportable. Petitioner's response to the Order to Show Cause merely repeats this meritless contention without providing any new legal argument or new facts to rebut the Court's preliminary conclusion that the petition is untimely.

As mentioned, the instant petition was filed on May 8, 2012, approximately seven and one-half years after the date the one-year period would have expired. Thus, unless Petitioner is entitled to either statutory or equitable tolling, the instant petition is untimely and should be dismissed.

C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. §

2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

      Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed.  For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007; Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006).  Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition.  Id. at 1007.   In addition, the limitation period is not tolled during the time that a federal habeas petition is pending.  Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002).  Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims.  See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

      Here, Petitioner alleges that he filed the following state habeas petitions: (1) petition filed in

the Superior Court of Madera County on November 28, 2011, and denied on January 4, 2012;[1] (2) petition filed in the 5th DCA on January 10, 2012, and denied on March 1, 2012; and (3) petition filed in the California Supreme Court and denied on April 18, 2012. (Doc. 1, pp. 11-16).

However, even assuming, arguendo, that these three petitions were "properly filed" under the AEDPA, they do not entitle Petitioner to statutory tolling because the one-year period had already expired by the time they were filed. A petitioner is not entitled to tolling where the limitations period has already run prior to filing a state habeas petition. Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period). Here, as mentioned, the limitations period expired on December 30, 2003, approximately eight years *before* Petitioner filed his first state habeas petition. Accordingly, he cannot avail himself of the statutory tolling provisions of the AEDPA.

D. Equitable Tolling.

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. See Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2561 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997). The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant

---

[1] In computing the running of the statute of limitations, the day an order or judgment becomes final is excluded and time begins to run on the day after the judgment becomes final. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (Citing Rule 6 of the Federal Rules of Civil Procedure).

seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Holland, 130 S.Ct. at 2652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted).  As a consequence, "equitable tolling is unavailable in most cases."  Miles, 187 F. 3d at 1107.

Here, Petitioner has made no express claim of entitlement to equitable tolling and, based on the record now before the Court, the Court sees no basis for such a claim.  Accordingly, after considering Petitioner's response to the Court's Order to Show Cause, the Court concludes that Petitioner is not entitled to equitable tolling.  Thus, the petition is untimely and must be dismissed.

Moreover, the Court declines to issue a certificate of appealability.  A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court DECLINES to issue a certificate of appealability.

**ORDER**

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1. The petition for writ of habeas corpus (Doc. 1), is DISMISSED for violation of the one-year limitation period in 28 U.S.C. § 2244(d);
2. The Clerk of the Court is DIRECTED to enter judgment and close the case; and,
3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  **October 10, 2012**              **/s/ Jennifer L. Thurston**
                                         UNITED STATES MAGISTRATE JUDGE